UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JEFFREY DUNN,

               Plaintiff,

    v.

CARENEXA, LLC,

               Defendant.

CASE NO. 3:25-cv-05952-LK

ORDER GRANTING UNOPPOSED
MOTION TO STAY

This matter comes before the Court on Defendant CareNexa, LLC's Unopposed Motion for Stay of Responsive Pleadings Pending Consolidation. Dkt. No. 12. CareNexa states that the parties "have agreed to a stay of CareNexa's responsive pleadings" pending the consolidation of this matter with related cases "and the filing of a Consolidated Class Action Complaint." *Id.* at 3; *see Rankins v. CareNexa LLC*, 2:25-cv-02086-GJL, Dkt. No. 8 (W.D. Wash. Nov. 17, 2025) (moving to consolidate this case with *Rankins* and *Gillard v. CareNexa LLC,* 3:25-cv-5971-GJL (W.D. Wash. 2025)). CareNexa also states that "Plaintiffs do not oppose this stay." *Id.*

CareNexa argues that a stay of its "responsive pleadings in these matters pending consolidation is in the interest of the parties and judicial economy, as all related matters should be

ORDER GRANTING UNOPPOSED MOTION TO STAY - 1

litigated together so as to ensure a fair and consistent outcome, and so that only one responsive pleading need be considered and addressed by the Court." *Id.*

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936). The Court "may order a stay of the action pursuant to its power to control its docket and calendar and to provide for a just determination of the cases pending before it." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 864 (9th Cir. 1979). In considering whether to grant a stay, courts consider several factors, including:

> the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.

*CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). Here, it does not appear that any damage, hardship, or inequity will result from the requested stay or that any questions of law will arise as a result. In addition, granting a stay will promote the orderly course of justice and preserve the parties' and the Court's resources.

For the foregoing reasons, the Court GRANTS CareNexa's Unopposed Motion for Stay of Responsive Pleadings Pending Consolidation, Dkt. No. 12, STAYS the deadline for CareNexa to file a response to the complaint pending consolidation of the related actions.

Dated this 22nd day of January, 2026.

Lauren King
United States District Judge

ORDER GRANTING UNOPPOSED MOTION TO STAY - 2